# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUCAS SANCHEZ AGUAYO,

    Petitioner,

v.                                         CASE NO. 8:12-CV-1070-T-30MAP
                                            CRIM. CASE NO. 8:11-CR-60-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges his sentence following his plea-based conviction for alien found in the United States after deportation. Petitioner pleaded guilty and was sentenced to 41 months in prison to be followed by 3 years supervised release (CR Dkt. 26). Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence (CR Dkt. 43).

The Court has undertaken a preliminary review of the § 2255 motion and the record of the prior criminal proceedings, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the § 2255 motion is due to be summarily denied without the necessity of a response from Respondent or an evidentiary hearing because it plainly appears from the face of the § 2255 motion and the underlying criminal proceedings that Petitioner is entitled to no relief.

**STANDARD OF REVIEW**

The § 2255 motion raises two claims of ineffective assistance of counsel. The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

Petitioner contends that he received ineffective assistance of counsel when counsel: 1) failed to request a "fast track" sentence reduction; and 2) failed to argue for a downward departure because Petitioner was culturally assimilated into the United States, and only re-entered the United States to be with his family.

## I.    Fast Track Reduction

Petitioner argues counsel was ineffective in failing "to argue that petitioner qualifies for the Fast Track Early Disposition Program Downward Departure. . . ." (CV Dkt. 1 at 9). The United States Attorney's Office for the Middle District of Florida does not have a "fast track" program. *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1196-99 (11th Cir. 2007) (recognizing that no "fast track" program exists in the Middle District of Florida). Moreover, U.S.S.G. § 5K3.1 states:

> *Upon motion of the Government*, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

(emphasis added). Therefore, even if this district had a fast track program, the Court could not reduce Petitioner's sentence pursuant to an early disposition program unless the Government first exercised its discretion to make a motion for a downward departure. *See United States v. Calixto-Bravo*, 346 F. Supp. 2d 948, 950 (E.D. Mich. 2004) (Government's decision not to make motion for downward departure pursuant to a fast track program was not reviewable by court because decision was within U.S. Attorney's discretion). According to the Attorney General's guidance on fast-track programs, Petitioner did not meet the requirements for the program because he did not enter into a plea agreement. *See United States v. Arevalo-Juarez*, 464 F.3d 1246, 1248 n.2 (11th Cir. 2006). Therefore, because Petitioner did not qualify for the fast-track program, he cannot show counsel was deficient in failing to argue that Petitioner did qualify for the program.

Finally, to the extent Petitioner appears to argue that this Court should grant him a downward variance based on the disparity in the availability of fast-track sentencing programs (CV Dkt. 1 at 14), this Court "may not consider sentencing disparities associated with early disposition programs in imposing sentence." *United States v. Vega-Castillo*, 540 F.3d 1235, 1238 (11th Cir. 2008). *See also United States v. Brown*, 433 Fed. Appx. 708, 710 (11th Cir. 2011) (unpublished opinion) ("[D]istrict courts are prohibited from considering

4

disparities created by fast-track programs in deciding whether to impose a downward variance.") (citing *Vega-Castillo*, 540 F.3d at 1238-39).

## II. Cultural Assimilation

Application Note 8 to United States Sentencing Guideline § 2L1.2 recognizes that sometimes "a downward departure may be appropriate on the basis of cultural assimilation." Cultural assimilation may be considered as a basis for downward departure only in cases where:

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood,
>
> (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and
>
> (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

U.S.S.G. § 2L1.2, application note 8. In *United States v. Duran-Flores*, 2012 U.S. App. LEXIS 2277 (11th Cir. Feb. 7, 2012) (unpublished opinion), the Eleventh Circuit Court of Appeals stated that:

> In determining whether a departure based on cultural assimilation is appropriate, the district court should consider the following factors:
>
> > (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether

5

> the defendant engaged in additional criminal activity after illegally reentering the United States.

*Id*. at *9-10 n. 2.

Petitioner argues that counsel was ineffective in failing to assert cultural assimilation as a basis for downward departure. Petitioner contends that he entered the United States at seven-years old, attended school in the United States until ninth-grade, has resided in the United States for more than twenty-five years, re-entered the United States to work and support his family who reside in the United States, and has had only one criminal offense for which he was deported (CV Dkt. 1 at 13).

Although he did not use the term "cultural assimilation," counsel zealously argued for a downward departure during the sentencing hearing on the grounds that Petitioner came to the United States "as a small child," was educated in Florida schools "to a degree," spent the majority of his life residing in the United States, knows very little "about the Mexican culture," had no criminal history other than the one conviction for manslaughter when he was eighteen-years old, re-entered the United States to work and provide for his family, and was gainfully employed after he re-entered the United States (CV Dkt. 32 at 9-11). Petitioner also added that he re-entered the United States to be with his dying father (Id. at 12).

These are the same factors counsel would have used in support of a request for downward departure on the basis of cultural assimilation. Therefore, Petitioner has failed to show that his counsel was deficient for failing to argue for a downward departure on the

basis of cultural assimilation, and has failed to establish that he was prejudiced by counsel's failure to argue for a departure on this basis.[1]

Accordingly, it is **ORDERED** that the motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**. The clerk shall enter judgment against Petitioner and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the record conclusively demonstrates that Petitioner is not entitled to relief, Petitioner cannot satisfy the first prong of the *Slack* test. 529 U.S. at 484.

---

[1] To the extent that the § 2255 motion may be liberally construed as suggesting that counsel was ineffective in failing to present a defense to the charge of alien found in the United States after deportation (CV Dkt. 1 at 4, 7), Petitioner waived his right to present this claim by virtue of his knowing and voluntary guilty plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (claim of ineffective assistance of counsel relating to pre-plea issues waived by voluntary guilty plea). The Court notes that Petitioner does not attack the voluntariness of his plea.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*